IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) *Filed in Open Court* |
| Plaintiff, | ) 4/27/07 |
| vs. | ) Criminal No. 06-20237 |
| | ) |
| SANDRA PATTERSON, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## PLEA AGREEMENT

Pursuant to Rule 11 of the <u>Federal Rules of Criminal Procedure</u>, the attorney for the United States, the defendant, Sandra Patterson, and the attorney for the defendant have reached an agreement that contemplates the entry of a plea of guilty by the defendant in this matter. The full and complete plea agreement is as follows:

1. The defendant agrees that s/he will enter a voluntary plea of guilty to Count One and of Indictment Number 06-20237.

2. The defendant agrees that s/he is pleading guilty because s/he is in fact guilty of the offenses charged in the Indictment.

3. The defendant acknowledges that s/he has been advised and does fully understand the following:

   a. The nature of the charges to which the plea is offered and the maximum possible penalty provided by law;

   b. That s/he has the right to be tried by a jury, and at that trial s/he has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him/herself, and the right not to be compelled to incriminate him/herself; and,

1

      c.    That if s/he pleads guilty, there will not be a trial of any kind, so that by pleading guilty, s/he waives the right to a trial.

4. The defendant understands that the offense to which s/he is pleading guilty is subject to the provisions and guidelines of the "Sentencing Reform Act of 1984" and that the applicable guidelines are contained in the United States Sentencing Guidelines Manual.

5. The Sentencing Guidelines, which establish the penalty range, will be computed on the total amount of relevant conduct, including any counts which the United States has agreed to dismiss at sentencing. The parties agree that the total amount of relevant conduct and any other sentencing enhancements will be determined by the sentencing court utilizing a preponderance of the evidence standard of review.

6. The defendant understands that in United States v. Booker, 543 U.S. __, 125 S.Ct. 738 (2005), the United States Supreme Court ruled that the United States Sentencing Guidelines were advisory rather than mandatory, but that the district court is bound to consider the guideline calculations when imposing a sentence. The court will also consider: the seriousness of the offense, the need to promote respect for the law, the need to provide just punishment, the need to afford adequate deterrence, the need to protect the public and the need to effectively provide a defendant with appropriate educational or vocational training or medical care.

7. The defendant agrees that this plea agreement constitutes the entire agreement between the defendant and the United States and that no threats or promises have been made to induce him/her to plead guilty.

8. The parties understand and agree that there is no agreement between the parties concerning the fine, if any, to be imposed in this case.

9. The defendant agrees to pay the one hundred (100) dollar special assessment per count to which s/he is pleading guilty. The defendant acknowledges that this amount is due and payable at time of sentencing.

10. The United States agrees to recommend a reduction for acceptance of responsibility if the defendant: (1) continues to demonstrate an acceptance of responsibility up until, and including, the time of sentencing; and, (2) does not receive any enhancement for obstruction of justice.

11. The United States and the defendant, Sandra Patterson, agree that the United States may file a motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18 U.S.C. Section 3553, requesting the Court to impose a sentence

below the minimum set by the Sentencing Guidelines and the mandatory minimum sentence required by the statute. The defendant understands that at the time the plea is entered, no one has promised him/her that such a "substantial assistance" motion will be made on his/her behalf. The defendant further understands that the determination as to whether or not his/her efforts constitute "substantial assistance" will be solely within the discretion of the United States Attorney's Office.

12. By signing this document, the defendant, acknowledges that s/he has read this agreement, has discussed it with his/her attorney, and understands it.

FOR THE UNITED STATES:

DAVID KUSTOFF
United States Attorney

_____          4·27·07
CAMILLE R. MCMULLEN                 Date
Assistant United States Attorney


FOR THE DEFENDANT:

_____          4·27·07
Lorna McClusky/Claiborne Ferguson   Date
Attorney for Sandra Patterson  BPR# 20457

_____          4-27-07
Sandra Patterson                    Date
Defendant