# United States District Court

## for the

## Western District Of Tennessee

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Sandra Patterson | Case Number: 2:06CR20237-01 |
| Name of Sentencing Judicial Officer: The Honorable Samuel H. Mays | |
| Date of Original Sentence: 8/13/2007 | |
| Original Offense: Bank Fraud | |
| Original Sentence: Prison - 24 Months; TSR - 36 Months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: Camille Reese McMullen (Reassigned Greg Gilluly) | Date Supervision Commenced: 4/4/2008 |
| Defense Attorney: Lorna S. McClusky | Date Supervision Expires: 4/3/2011 |

### PETITIONING THE COURT

[x] To issue a warrant.
[ ] To issue a summons.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **The defendant shall not commit another Federal, State, or Local Crime-** According to an incident report received from Tupelo Police Department Detective Scott Floyd, on September 13, 2008, Ms. Patterson entered a WalMart in Tupelo, Mississippi and made a purchase that was paid for with a fraudulent check written on another individual's account (Victim 1). She then continued on to a Belk Department store where she made a purchase with a Belk Credit Card that was obtained using the aforementioned victim's identifying information. That same day, Ms. Patterson went to Sears and opened a credit account again using the aforementioned victim's identifying information. She then purchased baby clothes and two $500.00 gift cards. On September 25, 2008, employees at both Sears and Belk Department store identified Ms. Patterson from a photo line-up. It was also alleged that Ms. Patterson fraudulently created and used numerous checks at several stores in the Tupelo area. She also fraudulently obtained and used several credit cards from numerous stores. On September 30, 2008, arrest warrants were issued in the Lee County Justice Court charging Ms. Patterson with Identity Theft, Credit Card Fraud, and Uttering a Forged or Counterfeit Instrument. |
| | According to an incident report received from Tupelo Police Department Detective Brandon Garrett, on October 20, 2008, Ms. Patterson and another individual entered a Home Depot in Tupelo wherein Ms. Patterson provided a false name (Victim 2) to the customer service clerk and attempted to open a Home Depot charge account. The credit application was approved and Ms. Patterson subsequently attempted to purchase $2000.00 worth of gift cards |

        and $1245.14 worth of faucets. The cashier indicated that it was against store policy to sell gift cards on newly opened accounts until 30 days have passed. Therefore, Ms. Patterson was only able to purchase the faucets for $1245.14. On October 21, 2008, Detective Garrett interviewed both the customer service clerk and the cashier who picked Ms. Patterson out of a photo line up. On October 23, 2008, arrest warrants were issued in Lee County Justice Court charging Ms. Patterson with Identity Theft and Credit Card Fraud.

        On November 24, 2008, Ms. Patterson was arrested on the aforementioned charges. She appeared in Shelby County General Sessions Court and was charged with Fugitive from Justice due to the fact she refused to sign the extradition form. She was released on a $25,000.00 bond, and her next court appearance is scheduled for February, 10, 2009 in Shelby County General Sessions Court.

2    **The defendant shall not leave the Judicial District without the permission of the Probation Officer.** - Incident reports reveal Ms. Patterson was in Tupelo, Mississippi on September 13 and October 20, 2008, she did not have the permission of the Probation Officer to leave the Western District of Tennessee.

U.S. Probation Officer Recommendation:
[x] The term of supervision should be
    [x] revoked.
    [ ] extended for _____ years, for a total term of _____ years.
[ ] The conditions of supervision should be modified as follows:

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   February 3, 2009

s/Marnie Klyman

Marnie Klyman
U.S. Probation Officer

Approved:

Johnetta Norman                              2-3-09

Supervising U.S. Probation Officer         Date

THE COURT ORDERS

[ ] No Action
[**X**] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

                                                                        *s/ Samuel H. Mays, Jr.*
                                                                    Signature of Judicial Officer

                                                                    Date: *February 9, 2009*

# VIOLATION WORKSHEET

1. Defendant <u>Sandra Patterson</u>
2. Docket Number (Year-Sequence-Defendant No.) <u>2:06CR20237-001</u>

3. District/Office <u>Western District of Tennessee (Memphis)</u>

4. Original Sentence Date <u>8/13/2007</u>

*(If different than above):*

5. Original District/Office _____

6. Original Docket Number (Year-Sequence-Defendant No.) _____

7. List each violation and determine the applicable grade {see §7B1.1}:

| Violation{s} | Grade |
|---|---|
| New Criminal Conduct - Identity Theft, Credit Card Fraud, Uttering a Forged or Counterfeit Instrument. | B |
| Travel outside of the district without permission. | C |

8. Most Serious Grade of Violation (see §7B1.1(b)) — B
9. Criminal History Category (see §7B1.4(a))74 — V

10. Range of imprisonment (see §7B1.4(a)) — 18-24 months

*Being originally convicted of a Class B felony, the statutory maximum term of imprisonment is 36 months; 18 U.S.C. §3583(e)(3).

11. Sentencing Options for Grade B and C violations Only (Check the appropriate box):

   { } (a) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

   { } (b) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

   {X} (c) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to: United States sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit**

| **Defendant** Sandra Patterson | Docket 2:06CR20237-001 |

**12.** **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see §7B1.3(d)}:

| Restitution ($) 23,133.13 | Community Confinement |
| Fine ($) | Home Detention |
| Other | Intermittent Confinement |

**13.** **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3{see §§7B1.3(g)(1)}.

Term: _____ to _____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment impossible upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g)(2)}.

Period of supervised release to be served following release from imprisonment: _____

**14.** **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

_____
_____
_____
_____
_____
_____
_____

**15.** **Official Detention Adjustment {see §7B1.3(e)}:** months _____ days _____

**Mail documents to: United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit**